IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| GLENN RAY SEXTON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CASE NO. 2:23-CV-359-RAH-CSC ) |
| DANNY BOND (BUTLER COUNTY SHERIFF), | ) ) ) ) |
| Defendant. | ) |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

### I. Introduction

Plaintiff Glenn Sexton, an inmate proceeding pro se and in forma pauperis, is confined at the Butler County Jail in Greenville, Alabama. Sexton filed this action using this Court's standard form for complaints brought under 42 U.S.C. § 1983. Doc. 1. Danny Bond, the Sheriff of Butler County, is the named defendant. *Id*. After review and consideration of Sexton's filing, the undersigned RECOMMENDS this case be DISMISSED for the reasons set forth below.

### II. Standard of Review

Because Sexton was granted leave to proceed in forma pauperis (Doc. 3), his Complaint is subject to screening under 28 U.S.C. § 1915(e)(2)(B), which requires a court to dismiss the complaint or any portion of it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i-iii); 28 U.S.C. § 1915A(b). To state

a claim upon which relief may be granted, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). To state a claim to relief that is plausible, the plaintiff must plead factual content that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. In applying § 1915, "the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990).

> An early determination of the merits of an IFP proceeding provides a significant benefit to courts (because it will allow them to use their scarce resources effectively and efficiently), to state officials (because it will free them from the burdens of frivolous and harassing litigation), and to prisoners (because courts will have the time, energy and inclination to give meritorious claims the attention they need and deserve). "We must take advantage of every tool in our judicial workshop." *Spears [v. McCotter]*, 766 F.2d [179, 182 (5th Cir. 1985)].

*Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986). *See also* 28 U.S.C. § 1915A(a) (stating court shall review civil action by prisoner against governmental entity or officer or employee before docketing, if feasible, or as soon as practicable after docketing).

**III.   Factual Background**

Sexton has been detained in the Butler County Jail since March 9, 2022, but complains he has yet to be tried on the charges pending against him. Doc. 1 at 3. The State's delay in bringing him to trial, Sexton claims, has violated his right to a speedy trial. *Id.* For relief, Sexton requests dismissal of all charges. *Id.* at 4. Sexton's claim entitles him to no relief in this § 1983 action.

## IV. Discussion

### A. The Younger Abstention

Sexton alleges the State has failed to timely bring him to trial for which he seeks some form of injunctive or declaratory relief that prohibits his prosecution on criminal charges pending against him in the District Court for Butler County. Sexton's challenge to the fundamental legality of his pending criminal charges based on a speedy trial violation are due to be dismissed under the *Younger* abstention doctrine.

In *Younger v. Harris*, 401 U.S. 37 (1971), the Supreme Court held that federal courts should refrain from entertaining civil actions by individuals seeking to enjoin or hinder a criminal prosecution against them in state court. *Id*. at 44–45; *Jackson v. Georgia*, 273 F. App'x 812 (11th Cir. 2008) (explaining that "[a]ttentive to the principles of equity, comity, and federalism, the Supreme Court has recognized that federal courts should abstain from exercising jurisdiction in suits aimed at restraining pending state criminal prosecutions.") (citing *Younger*, 401 U.S. at 37). The *Younger* abstention doctrine is based on the premise that a pending state prosecution will provide the accused with a sufficient opportunity to protect his federal constitutional rights. *Hughes v. Att'y Gen. of Fla*., 377 F.3d 1258, 1263 n. 7 (11th Cir. 2004).

The *Younger* abstention applies when state judicial proceedings are pending, the proceedings implicate important state interests, and the state proceedings provide an adequate opportunity to raise constitutional challenges. *Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982); *Turner v. Broward Sheriff's Office*, 542 F. App'x. 764, 766 (11th Cir. 2013); *31 Foster Child. v. Bush*, 329 F.3d 1255, 1274 (11th

3

Cir. 2003). Each of these elements is present here. Sexton faces criminal prosecution in state court for multiple offenses. *See* Doc. 1 at 3. His pending cases implicate the important state interest of law enforcement expressed through the state's criminal statutes. *Hale v. Pate*, 694 F. App'x 682, 684 (11th Cir. 2017) (recognizing that criminal proceedings, which are necessary to vindicate important state policies, implicate a state's interest) (citing *Middlesex County Ethics Committee*, 457 U.S. at 432). Finally, Sexton may litigate his challenge to the state's alleged delay in prosecuting his cases in the pending state court proceedings and, if unsuccessful, appeal to the appropriate state court.

While exceptions to *Younger* exist, there is no indication that an exception to *Younger* is present in this case. *See Mitchum v. Foster*, 407 U.S. 225, 230 (1972) (citing *Younger*) (explaining that exceptions to *Younger* apply when (1) prosecution will cause "great and immediate" irreparable injury; (2) the state law at issue flagrantly and patently violates the federal constitution; (3) there is a showing of bad faith or harassment; or (4) other unusual circumstances exist that require equitable relief). Even if Sexton's Complaint could be read to fairly allege that one or more of the exceptions is present, his allegations are insufficient to warrant relief. *See Younger*, 401 U.S. at 48. The mere fact that Sexton must defend himself in state court proceedings does not demonstrate irreparable harm. *Younger*, 401 U.S. at 46 (finding "[the cost, anxiety, and inconvenience of having to defend against . . . criminal prosecution [is not] considered 'irreparable' in the special legal sense of that term."). Additionally, Sexton has identified no state law that he claims flagrantly and patently violates the constitution, he has not asserted bad faith or harassment that would justify excluding evidence or dismissing his cases, and he alleges no unusual circumstances

4

warranting equitable relief. Therefore, no exceptions to the *Younger* abstention apply here, and any claims seeking injunctive or declaratory relief with respect to Sexton's ongoing state court proceedings are due to be dismissed without prejudice under the *Younger* abstention doctrine.

    **B.**    **Challenge to Detention**

To the extent Sexton's claims may be considered a challenge to the very fact or duration of his physical imprisonment, and the relief he seeks is a determination he is entitled to immediate release or a speedier release from that imprisonment, his federal remedy is by way of a writ of habeas corpus. *See Preiser v. Rodriquez*, 411 U.S. 475, 500 (1973) (habeas corpus is the exclusive remedy for prisoners attacking the validity or duration of their conviction or confinement). "[H]abeas corpus law exists to provide a prisoner an avenue to attack the fact or duration of physical imprisonment and to obtain immediate or speedier release." *McNabb v. Comm'r Ala. Dep't of Corr.*, 727 F.3d 1334, 1344 (11th Cir. 2013) (quotation marks and citation omitted). When the effect of granting equitable relief under the civil rights statute would be to substitute a § 1983 action for a federal writ of habeas corpus challenging the basis for ongoing detention, a prisoner fails to state a claim under § 1983. *Preiser*, 411 U.S. at 500. Finally, a § 1983 action is not an appropriate avenue to compel or appeal a particular course of action by a state court. *See Datz v. Kilgore*, 51 F.3d 252, 254 (11th Cir. 1995) (holding that a § 1983 suit arising from alleged erroneous decisions of a state court is merely a prohibited appeal of the state court judgment).

## V. Conclusion

For the reasons stated above, the undersigned Magistrate Judge RECOMMENDS that this 42 U.S.C. § 1983 Complaint be DISMISSED without prejudice prior to service under 28 U.S.C. § 1915(e)(2)(B)(ii).

Further, it is ORDERED that by **June 23, 2023**, the parties may file objections to this Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. The Court will not consider frivolous, conclusive or general objections. This Recommendation is not a final order and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH Cir. R. 3–1. *See Resol. Tr. Corp. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

Done, this 9th day of June 2023.

    /s/ Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE